## S. E. NAPIER v. STATE.

No. A——.Opinion Filed May 2, 1930.
(287 Pac. 791.)

W. B. Toney, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Hughes county on a charge of having possession of intoxicating liquors, to wit, home brew, and his punishment fixed at a fine of $50 and confinement in the county jail for a period of 30 days.

No motion was made to suppress the evidence. Upon the trial of the case and while Manual La Valley, a deputy sheriff, was on the stand testifying, defendant's counsel handed him the search warrant and had it identified. The officer testified that he served a copy of this warrant on the defendant and returned the warrant into court; that he did not search the house of defendant, but the outlying premises. Defendant's counsel then handed the witness

Defendant's Exhibit B and had it identified as the affidavit for the search warrant. The officer testified that he made the affidavit. Thereupon defendant made the following objection:

"We want to object to the testimony of this witness as to the search of the premises of the defendant for the reason that the affidavit upon which the search warrant was based, under which premises were searched, described the premises as block 15, in Hardage addition to the city of Holdenville, and did not properly describe the defendant's home, and is a violation of the 4th Amendment of the Constitution of the United States, section 30, art. 2, of Oklahoma, which provides that no search warrant should issue to search the premises of a defendant until an affidavit has been filed showing the premises and describing the place to be searched and the person and thing to be seized."

This objection was overruled, and the witness was permitted to testify that he found the liquor seized under the warrant in block 15, Hardage addition to the city of Holdenville. At the close of the evidence of the state, the defendant made the following motion:

"Comes now the defendant S. E. Napier, and moves the court to strike all the evidence of the witness M. C. La Valley for the reason that no sufficient legal search warrant was issued and served upon him, and that it was his home that was searched.

"By the Court: Overruled. Exception."

The defendant then called Claude Petree as a witness in his behalf. The defendant then had identified a drawing or plat of Hardage addition as being correct, and offered the same in evidence for the purpose of locating defendant's place of residence with reference to block 15. Objection was made to the plat and this evidence, and

the same was excluded by the court. Thereupon the defendant made the following offer of proof:

"Comes now the defendant and proposes to show by the witness who has just left the stand, Claude Petree, that the home of S. E. Napier that was searched under the search warrant based upon affidavit describing his home as block 15, Hardage addition to the city of Holdenville, Oklahoma, is not located on block 15, but is located on Hickory street between block 11 and 14, a considerable distance from block 15 in Hardage addition."

The defendant next called Elo Sexton and made the same offer of proof as was made for the witness Claude Petree, which was also excluded. The sixth ground of error assigned by defendant is as follows:

"By refusing to permit Claude Petree and Elo Sexton, plaintiff in error's witnesses, to testify as they would have done had they been permitted, that his home and premises searched by the officers was not located upon block 15, Hardage addition to Holdenville, Oklahoma, but was located on Hickory street between blocks 11 and 14, a great distance from said block 15, the property described in the information and search warrant under which his home and premises were searched."

When this evidence was offered, the trial court should have excluded the jury and heard the same. If it was true that the officers had searched premises other than those described in the affidavit and warrant, and that the liquors seized were found at premises other than those described in the affidavit and warrant, then such search would be illegal and such evidence inadmissible. The question of whether the officers had searched the premises described in the affidavit and warrant was one for the court, and the court should have heard such evidence and summarily disposed of such objection in the absence of the jury. It was material to the defense of defendant to show that the wrong

premises had been searched, and it was reversible error for the court to refuse to hear such evidence.

For the reasons stated, the cause is reversed and remanded, with instructions to proceed in accordance with this opinion.

EDWARDS, P. J., and DAVENPORT, J. concur.